Ms. Lynde Manley, City Clerk 2710 N. McKinley Cammack Village, AR 72207
Dear Ms. Manley:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the City of Cammack Village has received a request for "a complete copy of the personnel file[s]" of two named employees. One of the named employees is the requestor. You further state that you have determined that the requestor's personnel file can be released to him, but you have declined to release the personnel file of the other named employee. You state that you have based this decision upon the exemption stated in A.C.A. § 25-19-105(b)(12) — i.e., upon the view that the disclosure of this file would constitute a clearly unwarranted invasion of that employee's personal privacy.
I am directed by law to issue my opinion as to whether your determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your decision is correct as to the release of the personnel file of the requestor. Under A.C.A. § 25-19-105(c)(2), records are to be provided to the individual about whom the records are maintained.
However, it is my opinion that the correctness of your decision to withhold the other personnel file depends upon the nature of the records contained in the file. Because I have not been provided with copies of the records in the file, I cannot opine definitively about the releasability of the file. Nevertheless, I will review the applicable law, upon the basis of which you can determine whether particular records should be released.
Personnel files typically contain both "personnel records" and "employee evaluation/job performance records." It is important to identify the correct classification of each record, because the FOIA sets forth different tests to govern the releasability of the two types of records.
Personnel Records
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See,e.g., Ops. Att'y Gen. Nos. 2004-178; 2003-336; 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998). For example, the public has a legitimate interest in such information as public employees' salaries and the fact that those employees have successfully completed any training that is required for the job. See, e.g., Ops. Att'y Gen. Nos.2001-172; 97-033. However, the public has little interest in such information as the personal details of an employee's insurance coverage or in an employee's specific test scores on a training exam.See, e.g., Ops. Att'y Gen. Nos. 2004-167; 2002-160. The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Accordingly, it will be necessary for you to review and evaluate each personnel record that is contained in the requested personnel file under the above described legal standard to determine whether it should be released.
Employee Evaluation/Job Performance Records
The FOIA does not define the term "employee evaluation or job performance record," as used therein, nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos.2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. Under the FOIA's applicable standard, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
You will note that a presupposition of the above three-part test is that the employee to whom the records relate was suspended or terminated. If the employee whose personnel file has been requested has never been suspended or terminated, that individual's evaluation/job performance records cannot be released. However, if the employee has been suspended or terminated, the records must be evaluated under the three-part test to determine their releasability.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that you can readily determine. The individual's employee evaluation/job performance records can be released only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, the question of whether there is a "compelling public interest" in the release of particular records will depend upon all the facts and circumstances attendant to the particular case. Professors John Watkins and Richard Peltz, commentators on the FOIA, have provided some guidelines for determining whether such an interest exists. They state: "The nature of the problem that led to the suspension or termination undoubtedly bears on the `compelling public interest' question. . . ." Watkins and Peltz, The Arkansas Freedom of Information Act (m m Press, 4th Ed., 2004) at 205. Watkins and Peltz also point out: "The public's interest in disclosure is most likely compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public. If that were the case, the `compelling public interest' phrase would be redundant. . . ."Id. at 204-05. In this regard, Watkins and Peltz also point out that a general concern or interest in a particular matter does not suffice to constitute a compelling public interest. Id. at 206. They also note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [evaluation records] of `rank-and-file' workers are at issue.")
In the final analysis, the question of whether there is a compelling public interest in particular records is a question of fact that you, as custodian of the records, must determine in the first instance, considering all of the relevant information.
Other Exemptions and Redactions
In addition to determining whether the records contained in the requested personnel file are exempt from disclosure under either the exemption for "personnel records" or "employee evaluation/job performance records," as discussed above, you must also review the records in the file to determine whether they fall within any other exemption, such as the exemption for medical records, A.C.A. § 25-19-105(b)(2), or the exemption for state income tax records, A.C.A. § 25-19-105(b)(1). The FOIA sets forth a list of specific exemptions from disclosure in A.C.A. §25-19-105, and also provides that records can be withheld under exemptions that are specifically stated in other laws. A.C.A. §25-19-105(a)(1)(A). Finally, if a record in the file is not itself exempt from disclosure, but contains exempt items of information, such as a social security number, that information should be redacted before the record is released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General